IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ESTATE OF FREDDIE MIRABAL,

    Plaintiff,

v.                                                                                                                          No. 2:24-cv-146 JCH/KRS

WEXFORD HEALTH SOURCES, INC., et al.,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

THIS MATTER is before the Court on the New Mexico Corrections Department Defendants' Motion to Stay Discovery, filed on March 11, 2024. (Doc. 16). NMCD Defendants ask the Court to stay discovery pending a ruling on their Motion to Dismiss and for Qualified Immunity, (Doc. 17). While NMCD Defendants state that Plaintiff opposes the Motion to Stay, no response has been filed and the time for doing so has passed. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to the grant the motion."). Having considered the Motion to Stay Discovery, record of the case, and relevant law, the Court grants the Motion to Stay Discovery.

"Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised." *Higgins v. Saavedra*, 2017 WL 1437317, at *1 (D.N.M.). This is because "[q]ualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability[.]" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Thus, in general, when a defendant asserts the defense of qualified immunity, the district court should stay discovery until the immunity issue is resolved.

*See Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)).

    IT IS THEREFORE ORDERED that discovery in this case is STAYED pending resolution of NMCD Defendants' Motion to Dismiss and for Qualified Immunity, (Doc. 17). The Court will enter an initial scheduling order and set a Rule 16 scheduling conference at that time.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE